**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

In re: Appeal of Jolley Associates    }
                                      }
                                      }    Docket No. 118-8[1]-01 Vtec
                                      }
                                      }

<u>Decision and Order on Motion to Reopen and on Petition for Contempt</u>

In the above-captioned case Appellant Jolley Associates appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Shelburne, issued after remand of its application to the ZBA after decision by the Vermont Supreme Court in <u>In re Handy</u> and <u>In re Jolley Associates</u>, 171 Vt. 336 (2000). The Vermont Supreme Court had remanded for a determination of whether the original application had been A validly brought and pursued in good faith@ to entitle it to be considered under the town= s zoning bylaws as they existed in 1995. Appellant-Applicant is represented by Howard J. Seaver, Esq.; and the Town of Shelburne is represented by Joseph S. McLean, Esq.

By agreement of the parties, the merits of this matter were bifurcated, so that the Court first considered and ruled on whether the 1997 application was A validly brought and pursued in good faith,@ as required by the Vermont Supreme Court in its decision, and then held a further evidentiary hearing on the merits of the application.

By its March 2002 decision, the Court ruled that Appellant-Applicant= s February 1997 application had been A validly brought and pursued in good faith,@ so that Appellant-Applicant could proceed with its application under the 1995 zoning bylaws.

The Court then held an evidentiary hearing on the merits of the application. At the conclusion of the Appellant-Applicant= s case, the Town moved for judgment that the application should be denied, on three distinct issues. In its May 2002 decision, the Court granted the Town= s motion for judgment at the close of Appellant-Applicant= s case, on two of the three grounds asserted by the Town.

The first reason for denying the application at the close of the Appellant-Applicant= s case was that, while the 1995 Zoning Regulations allow more than one <u>use</u> per lot, they only allow

a single A principal building or structure@ on a lot. ' 1690.3. The project proposes two buildings or structures: the building (housing the restaurant and convenience store multiple uses), and the canopy over the gasoline pumps. The Court noted that this reason for denial did not require denial of the application with prejudice. Rather, the Court ruled that, A under the regulations in this particular town, the application is denied without prejudice to Appellant-Applicant= s proceeding with the project without the canopy.@ The decision explained that Appellant-Applicant could choose whether to proceed with the project with gasoline service but without a canopy, and specifically noted that the decision did not address A whether such a change by itself would require the ZBA to consider any aspects of the application anew;@ that is, whether the application should be remanded for any further ZBA action on the application without a canopy.

The second reason for denying the application at the close of the Appellant-Applicant= s case was that one requirement for conditional use approval is whether the project would meet the standards of or have any adverse effect on other bylaws in effect. ' 1610.4. At that time,

Appellant-Applicant had not yet applied to the Planning Commission for site plan approval. The Court found that sufficient evidence had been presented to suggest that the present proposal would adversely affect the bylaws in effect regarding site plan standards for on-site circulation, landscaping and screening, and regarding the glare anticipated to be emitted through the glass block walls, and clear glass windows and doors of the building. The Court denied the application for conditional use approval, but denied it A without prejudice to Appellant-Applicant= s submittal of its application for site plan approval to the Planning Commission,@ as the Planning Commission= s action granting or denying site plan approval could be relevant to the question of whether the project would adversely affect the site plan standards.

Consequently, on the merits of the conditional use application the Court denied Appellant-Applicant= s application:

at the close of the applicant= s case, without prejudice, on two grounds: first, that the proposal as designed consists of two principal buildings or structures on the lot in violation of ' 1690.3; and second, that Appellant failed to show that the proposal would not adversely affect > all bylaws in effect= (' 1610.4), and in particular to show that site circulation will be adequate and that the lighting emanating through the windows and glass blocks of the building will not violate the performance standards for glare and will be adequately screened.

With regard to the further procedure of the application at the Town level and potential future appeals to the Environmental Court, the Court ordered in full as follows (emphasis added):

This appeal is concluded and hereby closed on the docket, without prejudice to its being reopened upon motion filed within 45 days after any further decisions have issued from the Planning Commission and/or the ZBA on any further applications filed by this applicant for this project; in particular, any application to the Planning Commission for site plan approval and any application to the ZBA under ' 210.6 [allowing the standards for one district to be applied for up to 50 feet into the adjoining district]. The question of whether any additional design changes made to the project during such proceedings would require the ZBA to hold additional hearings on any aspects of the present application should be addressed to the zoning administrator or ZBA in the first instance.

As the Court understands it, neither party appealed this Court= s May 2002 decision in Docket No. 118-8-01 Vtec. Thus the Court= s ruling that the 1997 application was validly brought and pursued in good faith became final. The Court= s ruling also became final that the project with the canopy failed to qualify for approval. The Court= s ruling also became final that Appellant had failed to meet its burden to show that project would meet all bylaws in effect, and in particular the bylaws as to site circulation, screening, and the performance standard regarding glare. The Court= s ruling also became final that Appellant could move to reopen the conditional use permit application if and only if the municipal bodies made additional decisions on other applications for the project.

Appellant then applied for site plan approval. Instead of forwarding that application to the Planning Commission for it to rule on which regulations apply or on whether the project without the canopy could meet the standards for site plan approval, the Zoning Administrator apparently ruled that the application was ineligible for consideration because the use is not allowed under the newer zoning regulations. Appellant appealed that ruling to the ZBA, which upheld the Zoning Administrator= s ruling, and Appellant appealed that ZBA decision to this Court in Docket No. 198-11-03 Vtec.

The new appeal in Docket No. 198-11-03 Vtec is the appropriate forum to determine whether the Planning Commission is to consider the site plan application under the 1995 regulations, or under

the new regulations, or not at all. We have scheduled the initial pretrial conference in that appeal for January 20, 2004.

There is no rationale at the present time to reopen the old case because no new decisions have been made on any further applications, either by the Planning Commission (e.g., on the site plan application) or by the ZBA (e.g., on any application under ' 210.6), that could trigger the need to reopen the conditional use application. Accordingly, Appellant= s motion to reopen at this time is DENIED.

Appellant= s petition for contempt is also DENIED. All that the Court addressed in Docket No. 118-8-01 was Appellant= s early 1997 application. That application checked off both > conditional use application= and > site plan application= on the general application form, but only a > conditional use application= is attached to the general application form. (Exhibit 5). The Court determined that the 1997 application was made in good faith, but that it failed to meet the conditional use standards for approval.

The Court denied the application without prejudice to any related applications that Appellant may thereafter have wished to make to the municipal boards, specifically in order to leave it to those municipal bodies, and not to the Court, to determine in the first instance whether a site plan application had been made in early 1997 or not, and to decide in the first instance therefore which version of the regulations applied to any site plan application.

The Town therefore is not in contempt of any court order in Docket No. 118-8-01 as the court orders in that case did not direct any particular municipal action. The Court will decide in the new appeal, Docket No. 198-11-03 Vtec, whether the Planning Commission should have considered the site plan application on its merits[2], and, if so, under which version of the regulations.

Dated at Barre, Vermont, this 9th day of January, 2004.

_____
Merideth Wright
Environmental Judge

_____

**Footnotes**

[1.]   Both parties should correct the caption; the middle number of the docket number is the month in which the case was filed at the court (in this case, in August).

[2.]   It appears to the Court that the merits of the site plan application are not before the Court in Docket No. 198-11-03 Vtec, as the Planning Commission never had the application before it for decision. Please be prepared to discuss the scope of Docket No. 198-11-03 Vtec in the conference on January 20, 2004.